ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
DEIDRE Z. ELIOT (Cal. Bar No. 145007)
Assistant United States Attorneys
National Security Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7280/(714) 338-3599
     Facsimile: (213) 894-6436
     E-mail:    judith.heinz@usdoj.gov
                deirdre.eliot@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR 13-0736-JFW |
|---|---|
| Plaintiff, | **PLEA AGREEMENT FOR DEFENDANT SINH VINH NGO NGUYEN** |
| v. | |
| SINH VINH NGO NGUYEN, aka "Hasan Abu Omar Ghannoum," | |
| Defendant. | |

1.   This constitutes the plea agreement between SINH VINH NGO NGUYEN, aka "Hasan Abu Omar Ghannoum," ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

**DEFENDANT'S OBLIGATIONS**

2.   Defendant agrees to:

1        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Two of the indictment in United States v. Sinh Vinh Ngo Nguyen, aka "Hasan Abu Omar Ghannoum," CR No. 13-0736-JFW, which charges defendant with attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

**THE USAO'S OBLIGATIONS**

3.   The USAO agrees to:

       a.   Not contest facts agreed to in this agreement.

       b.   Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   e. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of federal law arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 8 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

**NATURE OF THE OFFENSE**

 4. Defendant understands that for defendant to be guilty of the crime charged in Count Two, that is, attempting to provide

3

material support to a designated foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B, the following must be true:

First, defendant intended to provide material support or resources to a designated foreign terrorist organization;

Second, defendant did something that was a substantial step toward committing the crime of providing material support or resources to a designated foreign terrorist organization; and

Third, defendant knew that the organization was a designated foreign terrorist organization, or that the organization had engaged or engages in terrorist activity, or that the organization had engaged or engages in terrorism.

Defendant understands that mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Defendant understands that the term "material support or resources" means any property, tangible or intangible, or services, including personnel. Defendant also understands that the meaning of the term "personnel" includes an individual (who may be or include himself) to work under the designated foreign terrorist organization's direction or control.

**PENALTIES**

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2339B is: 15 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or

1 | gross loss resulting from the offense, whichever is greatest; and a
2 | mandatory special assessment of $100.

3 |     6. Defendant understands that supervised release is a period
4 | of time following imprisonment during which defendant will be subject
5 | to various restrictions and requirements. Defendant understands that
6 | if defendant violates one or more of the conditions of any supervised
7 | release imposed, defendant may be returned to prison for all or part
8 | of the term of supervised release authorized by statute for the
9 | offense that resulted in the term of supervised release.

10 |     7. Defendant understands that, by pleading guilty, defendant
11 | may be giving up valuable government benefits and valuable civic
12 | rights, such as the right to vote, the right to possess a firearm,
13 | the right to hold office, and the right to serve on a jury.
14 | Defendant understands that once the court accepts defendant's guilty
15 | plea, it will be a federal felony for defendant to possess a firearm
16 | or ammunition. Defendant understands that the conviction in this
17 | case may also subject defendant to various other collateral
18 | consequences, including but not limited to revocation of probation,
19 | parole, or supervised release in another case and suspension or
20 | revocation of a professional license. Defendant understands that
21 | unanticipated collateral consequences will not serve as grounds to
22 | withdraw defendant's guilty plea.

23 | **FACTUAL BASIS**

24 |     8. Defendant admits that defendant is, in fact, guilty of the
25 | offense to which defendant is agreeing to plead guilty. Defendant
26 | and the USAO agree to the statement of facts provided below and agree
27 | that this statement of facts is sufficient to support a plea of
28 | guilty to the charge described in this agreement and to establish the

1  Sentencing Guidelines factors set forth in paragraph 10 below but is
2  not meant to be a complete recitation of all facts relevant to the
3  underlying criminal conduct or all facts known to either party that
4  relate to that conduct.

5  　　Al-Qai'da was designated by the Secretary of State as a foreign
6  terrorist organization on or about October 8, 1999, and has been so
7  designated continuously ever since.

8  　　During December 2012, through April 2013, defendant traveled to
9  Syria.  While in Syria, defendant communicated via Facebook, stating
10 that he was fighting with opposition forces against the Assad forces,
11 and that he had his first confirmed kill.  When defendant returned to
12 the United States at the end of April, defendant told individuals
13 that he had offered to train some of the al-Qai'da fighters in Syria
14 but his offer had been declined.

15 　　Subsequently, between August 3, 2013, and October 11, 2013, in
16 the Central District of California, defendant met several times with
17 "Amir," an individual defendant believed to be an al-Qai'da
18 recruiter.  Within the first minutes of his first meeting with Amir,
19 defendant, unprompted, questioned Amir directly to assure himself
20 that Amir was, in fact, a fellow jihadist.  Defendant then told Amir
21 that defendant wanted to return to jihad, stating that this was what
22 he was born to do.  Defendant described to Amir how he had traveled
23 to Syria, where he fought alongside Jabhat al-Nusrah fighters whom he
24 greatly admired.  Defendant also told Amir that he had trained
25 fighters in Syria, and that he had devised a battle plan for his
26 group of fighters.

27 　　Defendant and Amir discussed that defendant, if he wanted, could
28 travel to an al-Qai'da training camp in Pakistan and train al-Qai'da

fighters.  Defendant and Amir also discussed that defendant could travel to the al-Qai'da training camp on a U.S. passport in a name other than defendant's true name to prevent the U.S. government from tracking defendant's travel to the al-Qai'da training camp in Pakistan.  To obtain the U.S. passport in a name other than his true name, defendant gave to Amir passport photos of himself, and a U.S. passport application on which defendant had written false information, including a false name, false date of birth, and false place of birth.  Defendant agreed to travel to Pakistan and train, for 5-6 weeks, thirty al-Qai'da fighters for a guerilla warfare ambush attack on Coalition forces, to be executed in December 2013.

     Intending to train the al-Qai'da fighters for the ambush, on October 1, 2013, defendant purchased an airline ticket to travel from Mexico to Peshawar, Pakistan.  With the same intent, on October 11, 2013, defendant went to the Greyhound bus terminal in Santa Ana, California, and purchased a bus ticket to travel that day from Santa Ana to Mexico.  When defendant attempted to board the bus to Mexico, he was arrested by law enforcement officers.  At the time of his arrest, defendant possessed the U.S. passport in the false name and an external computer hard drive containing over 180 training videos on shooting firearms.  At all relevant times, defendant acted knowingly and intentionally; defendant knew that al-Qai'da was a designated foreign terrorist organization and had engaged in, and was engaging in, terrorist activity and terrorism, and defendant knew that in traveling to Pakistan and training the al-Qai'da fighters, he would be acting under the direction and control of al-Qai'da.

//

//

## SENTENCING FACTORS

9.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

10. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level: 26   U.S.S.G. § 2M5.3

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased by the application of U.S.S.G. § 3A1.4.

11. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category. Defendant understands that defendant's criminal history level could be increased by the application of U.S.S.G. § 3A1.4.

12. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

**WAIVER OF CONSTITUTIONAL RIGHTS**

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel - and if necessary have the Court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the Court appoint counsel - at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

//
//

**WAIVER OF RETURN OF DIGITAL DATA**

14. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

**WAIVER OF APPEAL OF CONVICTION**

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

**WAIVER OF APPEAL AND COLLATERAL ATTACK**

16. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

18. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

**RESULT OF WITHDRAWAL OF GUILTY PLEA**

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

**RESULT OF VACATUR, REVERSAL OR SET-ASIDE**

20. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

**EFFECTIVE DATE OF AGREEMENT**

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

**BREACH OF AGREEMENT**

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

**COURT AND PROBATION OFFICE NOT PARTIES**

  24. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

  25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this

13

case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

**NO ADDITIONAL AGREEMENTS**

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

28. The parties agree that this agreement will be considered

//
//
//
//

part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

/s/                                          12-20-13
JUDITH A. HEINZ                              Date
Assistant United States Attorney

/s/                                          12/20/13
SINH VINH NGO NGUYEN                         Date
Defendant

/s/ Yasmin Cader                             12/20/13
YASMIN CADER                                 Date
Attorney for Defendant
SINH VINH NGO NGUYEN

**CERTIFICATION OF DEFENDANT**

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in

15

any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  12/20/13
SINH VINH NGO NGUYEN              Date
Defendant

**CERTIFICATION OF DEFENDANT'S ATTORNEY**

I am SINH VINH NGO NGUYEN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  12/20/13
YASMIN CADER                    Date
Attorney for Defendant
SINH VINH NGO NGUYEN

16